UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JON HILL,

      Plaintiff,

                       <u>*COMPLAINT*</u>

    -against-               <u>PLAINTIFF DEMANDS TRIAL BY JURY</u>

LONG ISLAND RAIL ROAD COMPANY,

      Defendant.
-----------------------------------------------------------------X

Plaintiff complaining of the defendant by his attorneys, FLYNN & LAURIELLO, PLLC respectfully alleges as follows:

## THE PARTIES

1. At all times hereinafter mentioned, plaintiff was employed by defendant LONG ISLAND RAIL ROAD COMPANY (LIRR), as an assistant conductor in the Transportation Department.

2. At all times hereinafter mentioned, plaintiff was a LIRR assistant conductor in the course and scope of his work from and for the defendant.

3. Upon information and belief, that at all times hereinafter mentioned, defendant was a public benefit corporation duly organized and existing under and by virtue of the laws of the State of New York, and was doing business within the jurisdiction of their Court as an interstate common carrier by railroad.

1

## JURISDICTION

4. That at all times hereinafter mentioned, plaintiff and defendant were engaged in the furtherance of the business of the defendant railroad, to wit. the transportation of interstate commerce.

5. Plaintiff's cause of action against the defendant arises under the Act of Congress of April 22, 1908, Chapter 149, 35 Statute 65, as amended, commonly known as the Federal Employers' Liability Act, 45 USCA, Chaps. 1 and 2, and the rules and regulations promulgated thereunder.

6. The Court has jurisdiction of the subject matter of plaintiff's cause of action against the defendant pursuant to 28 USCA Section 1331, Federal Question.

## LIABILITY

7. Upon information and belief, at all times hereinafter mentioned, defendant operated, LIRR Train 405 as it traveled westbound in Queens County, New York on its way to Penn Station, New York

8. Upon information and belief, at all times hereinafter mentioned, defendant assigned plaintiff to work as an assistant conductor on LIRR Train 405.

9. Upon information and belief, at all times hereinafter mentioned, LIRR Train 405 was comprised of LIRR MU M7 locomotives, hereinafter "CONSIST".

10. Upon information and belief, at all times hereinafter mentioned, defendant assigned plaintiff to perform his work duties as an assistant conductor in the "CONSIST".

11. Upon information and belief, at all times hereinafter mentioned, each M7 in the "CONSIST" was a "vehicle" within the definition of that term as set forth at 49 USC 20301 (a).

12. Upon information and belief, at all times hereinafter mentioned, each M7 in the "CONSIST" was on-track equipment other than hi-rail, specialized maintenance or other similar equipment.

13. Upon information and belief, at all times hereinafter mentioned, the LIRR owned each M7 in the "CONSIST".            .

14. Upon information and belief, at all times hereinafter mentioned, the LIRR operated each M7 in the "CONSIST".

15. Upon information and belief, at all times hereinafter mentioned, the LIRR maintained each M7 in the "CONSIST".

16. Upon information and belief, at all times hereinafter mentioned each M7 in the "CONSIST" was in use on defendant's line as a locomotive.

17. Upon information and belief, at all times hereinafter mentioned, defendant directed that LIRR Train 405 be driven and operated westbound over tracks and track switches

to Penn Station, New York.

18. Upon information and belief, on November 11, 2019, as plaintiff was performing his work duties on LIRR Train 405, walking in one of the M7s in the "CONSIST", suddenly, violently and unexpectedly the M7 shifted, lurched and jerked as it moved westbound over tracks and track switches, causing plaintiff to lose his grip, footing and balance, causing him to be thrown into a seat and causing him to sustain the injuries hereinafter set forth.

19. Upon information and belief, that the aforesaid occurrence was due to the violation by defendant LIRR, its agents and/or employees of the Federal Employers' Liability Act, Chapter 2, 45 USC § 51, and the rules and regulations promulgated thereunder.

20. Upon information and belief, that the aforesaid occurrence was due to the violation by defendant "LIRR", its agents and/or employees of the Federal Employers' Liability Act, Chapters 1 & 2, and Subtitle V, Rail Safety, Part A Safety, Chapter 207, Locomotives, 49 USCA 20701, et. seq., the Locomotive Safety Act, and the rules and regulations promulgated thereunder.

21. Upon information and belief, that the aforesaid occurrence was due to the violation by defendant "LIRR", its agents and/or employees of the Federal Employers' Liability Act, Chapters 1 & 2, and Subtitle V, Rail Programs, Part A Safety, Chapter 203, Safety Appliances, 49 USCA Chapter 203, Sections 20301, 20302 et seq., commonly known

as the Safety Appliances Act, and the rules and regulations promulgated thereunder.

22. Upon information and belief, that the aforesaid occurrence was due solely and wholly to the carelessness and negligence of defendant, its agents and/or employees in causing, permitting and allowing an unsafe work place, unsafe work equipment, in causing, permitting and allowing the locomotive and it parts and appurtenances, including but not limited to its suspension system and its parts and appurtenances, to be, become, and remain improperly inspected, maintained, repaired, unsafe, inefficient, defective, and hazardous; in causing, permitting and allowing an unsafe work place, unsafe work equipment, in causing, permitting and allowing the tracks and track switches and their parts and appurtenances, to be, become, and remain improperly inspected, maintained, repaired, unsafe, inefficient, defective, and hazardous; and in otherwise being careless and negligent, and due to no fault or lack of care on the part of the plaintiff.

## **INJURIES AND DAMAGES**

23. Upon information and belief, as a result of the foregoing, plaintiff sustained injuries to his right knee and leg, and body, shock to his nervous system, anxiety, stress, and suffering; has suffered, suffers and will suffer physical pain, mental anguish, and the loss of the enjoyment of the pursuits and pleasures of life, disruption of the activities of daily living, and other personal injuries; some of which are and will be permanent in nature; that plaintiff has received, receives and will receive medical, hospital and health

care treatment and care and has and will incur expenses for medical, hospital, and health care providers and health care treatment; and from time to time, has been, is and will be confined to bed and home as a result thereof; plaintiff has lost, is losing, and will lose time from employment, employment earnings, and/or employment perquisites; all to his damage in a sum to be determined at jury trial, that will fairly and adequately make the plaintiff whole for said harms, injuries and loses

WHEREFORE, plaintiff demands judgment against the a sum to be determined at jury trial, that will fairly and adequately make the plaintiff whole for said harms, injuries and loses, together with the costs and disbursements of this action.

Dated: New York, New York
November 5, 2021

        **FLYNN & LAURIELLO PLLC**
        ATTORNEYS AT LAW

        *Valerie J Lauriello*

BY_____
VALERIE J. LAURIELLO (VL6192)
Attorney for Plaintiff
Office & P.O. Address
5 Penn Plaza 23rd Floor
New York, New York 10001
212-896-3812